UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MICHELLE L. LOWE, <br><br> Plaintiff, <br><br> -v- <br><br> RSI ENTERPRISES, INC. <br><br> Defendant. | Case No. 3:21-cv-00144 <br><br> Judge <br><br> COMPLAINT <br> JURY DEMAND ENDORSED HEREON |

Plaintiff, Michelle L. Lowe, for her Complaint against RSI Enterprises, Inc. ("Defendant"), states as follows:

NATURE OF THE ACTION

1. Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and the Ohio Consumer Sales Practices Act, O.R.C. §§ 1345.01 *et seq.* ("CSPA"), stemming from Defendant's unlawful debt collection practices as outlined in this Complaint, *infra*.

JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject-matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692k and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law cause of action pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business within the Southern District of Ohio and the events and/or omissions giving rise to the claims made in this Complaint occurred within the Southern District of Ohio.

PARTIES

4.     Plaintiff, Michelle L. Lowe ("Lowe"), is a natural adult person residing in Dayton, Ohio, which lies within the Southern District of Ohio.

5.     Lowe is a "consumer" as that term is defined by § 1692a(3) of the FDCPA and § 1345.01(D) of the CSPA.

6.     Defendant, RSI Enterprises, Inc., is an Arizona corporation in the business of collecting consumer debts on behalf of others within the State of Ohio and throughout the United States.  As such, Defendant regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

7.     On its website and in its communications to consumers, Defendant identifies itself as a "debt collector" and/or "collection agency."  *See* https://www.rsico.com/about-us/.

8.     Defendant is a "debt collector" as that term is defined by § 1692a(6) of the FDCPA.

9.     Defendant is a "supplier" as that term is defined by § 1345.01(C) of the CSPA.

10.    Defendant acted through its agents, employees, officers, directors, successors, assigns, sureties, subrogees, representatives and/or insurers at all times relevant to this action.

FACTS SUPPORTING CAUSES OF ACTION

11.    As Lowe was reviewing her credit reports, she discovered an entry bearing Defendant's name reporting a consumer medical debt originally incurred to *JCC, LLC* in an active collection status (the "Debt").  Relevant pages from Lowe's credit report from Experian Information Solutions, Inc. ("Experian"), dated December 8, 2020, are attached to this Complaint as Exhibit A.

12.    The Debt is a "debt" as that term is defined by § 1692a(5) of the FDCPA.

13. In response to discovering the Debt on her credit reports, Plaintiff consulted with Consumer Law Partners, LLC and, with their assistance, sent a letter to Defendant disputing the Debt (the "Dispute"). A copy of the Dispute, dated March 22, 2021, is attached to this Complaint as Exhibit B.

14. The Dispute challenged the accuracy of the amount of the Debt being reported by Defendant to the credit bureaus, and sought verification of same from Defendant. *See* Exhibit B.

15. On March 26, 2021, Defendant received the Dispute.

16. Thereafter, on April 15, 2021, Defendant communicated updated information concerning the Debt to the credit bureaus. Relevant pages from Lowe's Experian credit report, dated May 5, 2021, are attached to this Complaint as Exhibit C.

17. Upon communicating updated information concerning the Debt to Experian on April 15, 2021, Defendant failed to report the Dispute (*i.e.*, that the Debt was disputed by Lowe). *See* Exhibit C.

18. Credit reporting by a debt collector constitutes an attempt to collect a debt. *See, e.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed, in part, to wrench compliance with payment terms from its cardholder. . .").

DAMAGES

19. By failing to report the Dispute to Experian, Defendant has materially lowered Plaintiff's credit score. *See, e.g., Evans v. Portfolio Recovery Assocs., LLC*, 889 F.3d 337, 345 (7th Cir. 2018); *Saunders v. Branch Banking & Tr. Co.*, 526 F.3d 142, 146-47 (4th Cir. 2008) ("[The defendant's] decision to report the debt but not the dispute resulted in a much lower credit score [for the plaintiff] than a report of both the debt and the dispute.").

20. The continued damage to Plaintiff's credit score caused by Defendant's inaccurate and/or incomplete credit reporting of the Debt is the source of stress, anxiety and aggravation for Plaintiff.

21. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to use unlawful methods and/or means in its attempts to collect the Debt from her.

22. As a result of Defendant's actions and/or omissions, Plaintiff was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this claim.

23. As a result of Defendant's actions and/or omissions, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collectors from engaging in the unlawful collection practices described in this Complaint, *supra*.

## GROUNDS FOR RELIEF

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
*15 U.S.C. § 1692e(8)*

24. All prior paragraphs are incorporated into this count by reference.

25. The FDCPA states, in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

15 U.S.C. §§ 1692e and e(8).

26. Defendant violated 15 U.S.C. § 1692e(8) by failing to communicate the Dispute to Experian, one of the "big three" national consumer reporting agencies, despite having actual knowledge of the Dispute when it communicated other information concerning the Debt to Experian.

27. As set forth in paragraphs 19 through 23, *supra*, Plaintiff has suffered considerable harm as a result of Defendant's unlawful collection practices as described in this Complaint.

COUNT II
VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT
*Ohio Revised Code §§ 1345.01 et seq.*

28. All prior paragraphs are incorporated into this count by reference.

29. Plaintiff is a "consumer" within the meaning of § 1345.01(D) of the CSPA.

30. As a business engaged in the collection of consumer debts, Defendant is a "supplier" within the meaning of § 1345.01(C) of the CSPA.

31. Defendant's collection activity vis-à-vis Plaintiff as described in this Complaint, *supra*, constitutes a "consumer transaction" within the meaning of § 1345.01(A) of the CSPA.

32. Defendant's collection activity vis-à-vis Plaintiff as described in this Complaint, *supra*, falls squarely within the purview of the CSPA's protection against unfair, unconscionable, deceptive and/or fraudulent business practices.

33. Defendant's actions and/or omissions as described in this Complaint, *supra*, constitute unfair, unconscionable, deceptive and/or fraudulent business practices in violation of §§ 1345.02(A) and/or 1345.03(A) of the CSPA.

34. Defendant's violation of the FDCPA as outlined in this Complaint, *supra*, also constitutes a violation of §§ 1345.02(A) and/or 1345.03(A) of the CSPA.

35. Ohio courts have previously determined the specific conduct described in this Complaint, *supra*, to constitute a business practice that violates §§ 1345.02 and/or 1345.03 of the CSPA.

36. As set forth in paragraphs 19 through 23, *supra*, Plaintiff has suffered considerable harm as a result of Defendant's unlawful collection practices as described in this Complaint.

37. Defendant's violations of the CSPA were knowing, willful, malicious, and/or done with conscious disregard for the rights of Plaintiff.

38. Defendant's violations of the CSPA entitle Plaintiff to actual damages in a specific amount to be proved at trial, treble damages, and costs and attorneys' fees as provided for by § 1345.09 of the CSPA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Michelle L. Lowe, respectfully requests that this Court enter judgment in her favor as follows:

A. Awarding Plaintiff actual damages, in amounts to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1) and O.R.C. § 1345.09(A);

B. Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

C. Awarding Plaintiff treble damages in the amount of three (3) times the amount of her actual damages, as provided under O.R.C. § 1345.09(B);

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3) and O.R.C. § 1345.09(F); and

E. Awarding Plaintiff any other relief as this Court deems just and appropriate.

DATED this 14th day of May, 2021.　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　_/s/ Geoff B. McCarrell_
　　　　　　　　　　　　　　　　　　　　　　Geoff B. McCarrell (OH #0086427)
　　　　　　　　　　　　　　　　　　　　　　CONSUMER LAW PARTNERS, LLC
　　　　　　　　　　　　　　　　　　　　　　333 N. Michigan Avenue, Suite 1300
　　　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60601
　　　　　　　　　　　　　　　　　　　　　　(267) 422-1000 (phone)
　　　　　　　　　　　　　　　　　　　　　　(267) 422-2000 (fax)
　　　　　　　　　　　　　　　　　　　　　　geoff.m@consumerlawpartners.com

　　　　　　　　　　　　　　　　　　　　　　*Attorney for Plaintiff, Michelle L. Lowe*

JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

　　　　　　　　　　　　　　　　　　　　　　_/s/ Geoff B. McCarrell_
　　　　　　　　　　　　　　　　　　　　　　Geoff B. McCarrell (OH #0086427)
　　　　　　　　　　　　　　　　　　　　　　CONSUMER LAW PARTNERS, LLC

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF OHIO              )
                           ) ss
COUNTY OF MONTGOMERY       )

Pursuant to 28 U.S.C. § 1746, Plaintiff, Michelle L. Lowe, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this Complaint is not interposed for any improper purpose, such as to harass Defendant, cause unnecessary delay to Defendant, or create a needless increase in the cost of litigation to Defendant.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  5/14/2021

DocuSigned by:
Michelle Lowe
B60B840F0A914A1...
Signature